## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

<table>
<tr><td>

**JESSIE BUTLER, et al.,**

    **Plaintiffs,**

       **v.**

**POTOMAC ELECTRIC POWER COMPANY, et al.,**

    **Defendants.**

</td><td>

Civil Action No.  03-0946 (JDB)

</td></tr>
</table>

## <u>ORDER</u>

Plaintiffs have filed a Motion for Relief from Judgment in an attempt to set aside this Court's August 2004 decision granting summary judgment in defendants' favor.  Defendants Potomac Electric Power Company ("Pepco") and Local Union 1900, International Brotherhood of Electrical Workers ("Local 1900") have opposed plaintiffs' motion and sought attorneys' fees and costs incurred in responding to the motion.  Also pending at this time is a series of motions relating to plaintiffs' failure to pay Local 1900's bill of costs and the resulting garnishment of plaintiffs' wages.

1.  This Court granted summary judgment to defendants on plaintiffs' retaliation and other claims on August 25, 2004.  That judgment was affirmed by the D.C. Circuit on May 24, 2005, and the Supreme Court denied plaintiffs' petition for a writ of certiorari on February 21, 2006.  Meanwhile, one of the plaintiffs, also represented by plaintiffs' counsel in this case, filed a separate employment action against Pepco, and in September 2005, Judge Walton dismissed the retaliation and other claims in that case.  See Stanford v. Potomac Elec. Power Co., 394 F. Supp. 2d 81 (D.D.C. 2005).  No appeal was taken, but on July 16, 2006, a "motion for reconsideration"

was filed based on the Supreme Court's decision in <u>Burlington Northern & Sante Fe Ry. Co. v.</u> <u>White</u>, 126 S. Ct. 2405 (2006).  That motion, which raised arguments virtually identical to those raised here, was denied early in 2007.  <u>See</u> <u>Stanford v. Potomac Elec. Power Co.</u>, No. 04-cv-1461, 2007 WL 219991 (D.D.C. Jan. 26, 2007).

2.  On February 23, 2007, plaintiffs filed their motion for relief from judgment in this case, which contends that in <u>Burlington Northern</u>, issued on June 22, 2006, the Supreme Court set a new standard for evaluating retaliation claims.  The motion is filed pursuant to Fed. R. Civ. P. 60(b), and effectively asks this Court to reconsider and set aside its August 25, 2004, decision.  To begin with, however, plaintiffs' motion is untimely under Rule 60(b).

A motion under Rule 60(b) must be filed either "within a reasonable time" or "not more than one year after the judgment," depending on the reason asserted for the motion.  Plaintiffs did not meet either time limit.  The judgment was entered on August 25, 2004; the Supreme Court denied certiorari on February 21, 2006; <u>Burlington Northern</u> was decided on June 22, 2006; yet plaintiffs' motion was not filed until February 23, 2007.  Hence, the motion was filed two and one-half years after this Court's judgment and more than a year after the denial of certiorari.  Moreover, it was not filed within a reasonable time because plaintiffs waited over eight months after <u>Burlington Northern</u> was decided and have provided no explanation for their delay.[1]

3.  Even if timely filed, plaintiffs' motion is without merit.  Plaintiffs have identified no "surprise" or "misrepresentation" that would satisfy Rule 60(b),[2] and the catchall provision of Rule 60(b)(6) is reserved for extraordinary circumstances, <u>see</u> <u>Good Luck Nursing Home, Inc. v.</u>

---

[1] In comparison, the virtually identical motion was filed in <u>Stanford</u> within one month of the <u>Burlington Northern</u> decision.

[2] A change in decisional law does not constitute the surprise required under the Rule, and the misrepresentations alleged by plaintiffs simply rehash arguments made, and rejected, during summary judgment proceedings.

<u>Harris</u>, 636 F.2d 572, 577 (D.C. Cir. 1980).  As other judges of this district court have found, a change in statutory interpretation or the state of the law after appeals in a case have concluded is no basis for relief from judgment.  <u>See Stanford</u>, 2007 WL 219991, at *4 (observing that relief under Rule 60(b) based on "every appellate decision changing the state of the law would open the floodgates to relitigation"); <u>Twist v. Ashcroft</u>, 329 F. Supp. 2d 50, 54 (D.D.C. 2004) ("[I]f a change in law after a judgment was rendered was grounds to vacate a final judgment, final judgments would cease to exist."), <u>aff'd</u>, 171 F. App'x 855 (D.C. Cir. 2005); <u>accord</u> <u>Norgaard v. DePuy Orthopaedics, Inc.</u>, 121 F.3d 1074, 1077 (7th Cir. 1997).[3]  And as Judge Walton explained in <u>Stanford</u>, the cases cited by plaintiffs to support the relief they seek actually provide no support whatsoever for plaintiffs' argument.  <u>See Stanford</u>, 2007 WL 219991, at *2-*3.  Lastly, <u>Burlington Northern</u> did not effect a change in the law that would lead to a different result here, and, indeed, did not even change the law in this Circuit set out in <u>Rochon v. Gonzales</u>, 438 F.3d 1211, 1217-19 (D.C. Cir. 2006), as the Supreme Court itself noted.  <u>See</u> 126 S. Ct. at 2415.

4.  Notwithstanding the weakness and ultimate lack of success of plaintiffs' motion for relief from judgment, the Court will deny defendants' requests for attorneys' fees and costs incurred in opposing the motion.  Counsels' conduct in filing the motion borders on vexatious under 28 U.S.C. § 1927, and any further unavailing efforts following the motions in <u>Stanford</u> and this case may warrant a different assessment.  But the Court concludes that imposing fees and costs on plaintiffs, or requiring counsel to satisfy personally any such imposition, is not warranted at this time.

5.  Finally, there is the matter of the several pending motions to compel or to strike relating

---

[3]Plaintiffs' contention that the judgment is not final because an issue relating to the payment of costs remains unresolved is unavailing.  <u>See</u> <u>Budinich v. Becton Dickinson & Co.</u>, 486 U.S. 196, 202 (1988).

to plaintiffs' failure to pay Local 1900's bill of costs and the resulting garnishment of the wages of several plaintiffs.  On January 21, 2005, this Court ordered plaintiffs to pay the full amount of each defendant's bill of costs.  When, after all appeals were exhausted, plaintiffs continued to fail to pay Local 1900's costs in this Court, writs of attachment were filed and executed.  Plaintiffs then filed an answer to the writs of attachment and a subsequent motion to compel, arguing that the judgment of costs awarded to Local 1900 should not be enforced in light of the decision in Burlington Northern.  Local 1900 responded to plaintiffs' answer, moved to compel Pepco to release the garnished wages it is holding in escrow, and moved for an award of costs and attorneys' fees.

For the reasons discussed above, the Supreme Court's decision in Burlington Northern likewise provides no basis for plaintiffs to avoid their obligation to pay Local 1900's costs.  Indeed, plaintiffs' failure to file any Title VII administrative claim, and specifically a retaliation charge, against Local 1900 makes the argument based on Burlington Northern's change in Title VII retaliation law that much less persuasive.  No other basis argued by plaintiffs for resisting payment is persuasive either.  Therefore, plaintiffs' efforts to resist garnishment and the release of garnished wages to Local 1900 will be rejected, although no further fees and costs will be awarded to Local 1900.

Accordingly, it is this 25th day of May, 2007, hereby

**ORDERED** that plaintiffs' motion for relief from judgment [#77] is **DENIED**; it is further

**ORDERED** that plaintiffs' motion to compel [#70] is **DENIED**, Local 1900's motion to strike [#73] is **DENIED**, and Local 1900's motion for attorneys' fees [#73] is **DENIED**; and it is further

**ORDERED** that Local 1900's motion to compel [#73] is **GRANTED** and Pepco shall

-4-

release to Local 1900 all garnished wages of plaintiffs currently held in escrow or withheld in the future until withholding is complete.

**SO ORDERED.**


_____/s/ John D. Bates_____
JOHN D. BATES
United States District Judge